IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 1:26-cv-130

|  |  |
|---|---|
| ELISABETH MOSER,<br><br>        Plaintiff,<br><br>vs.<br><br>NATIONWIDE GENERAL INSURANCE<br>COMPANY,<br><br>        Defendant. | **NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Nationwide General Insurance Company, by and through undersigned counsel, hereby removes this action from the Superior Court Division of the North Carolina General Court of Justice, in and for Henderson County, to the United States District Court for the Western District of North Carolina. In support thereof, Defendant states as follows:

1.      This case was originally filed in the Superior Court Division of the North Carolina General Court of Justice, in and for Henderson County, on April 6, 2026, under the name and style of *Elisabeth Moser v. Nationwide General Insurance Company*, 26CV000785-440.  Because Henderson County is situated within this district, this Court is the proper venue for removal. *See* 28 U.S.C. § 1446(a).

2.      Upon information and belief, Plaintiff's counsel mailed a copy of the Summons and Complaint via Federal Express to the Corporation Service Company ("CSC"), the Registered Agent for Nationwide General Insurance Company in North Carolina, which was received by CSC on April 8, 2026.

1

3. Pursuant to Rule 28 U.S.C. § 1446(b)(1), "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…."

4. "The time for counting the days for filing notice of removal under § 1446(b) starts when the defendant is formally served with the summons and complaint making the defendant an official party to the action and requiring the defendant to appear." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 391 (4th Cir. 2018) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999)).

5. Here, the Summons and Complaint were not served on Defendant until, at earliest, April 8, 2026. Accordingly, Defendant's time for removal, at earliest, is May 8, 2026, therefore the time for removal has not yet expired.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

6. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000.00 and there is complete diversity among Plaintiff and Defendant.

**I. Complete Diversity of Citizenship Exists**

7. Upon information and belief, Plaintiff Elisabeth Moser is a citizen of South Carolina. (*See* a true and accurate copy of Plaintiff's Complaint, attached hereto as **Exhibit 1** at ¶ 1).

8. Defendant is an insurance company organized and existing under the laws of the State of Ohio, with its principal office located in Columbus, Ohio. Therefore, Defendant is a citizen of Ohio. (Ex. 1 at ¶ 2).

2

9. Thus, because the parties to this action are citizens of different States, complete diversity exists.

## II. The Amount in Controversy Exceeds $75,000

10. As stated above, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Plaintiff alleges that she has incurred "hundreds of thousands of dollars of property damages." (*See* Exhibit 1 at ¶ 18.)

12. Moreover, the signed Sworn Statement in Proof of Loss form that Plaintiff filled out and attached to her Complaint indicates that the amount claimed, "most likely exceeds USD 100,000.00." (*See* Exhibit 1 at Ex. A, p. 2).

13. Plaintiff also alleges she is entitled to recover an amount in excess of twenty-five thousand dollars ($25,000) for Defendant's alleged breach of contract. (*See* Exhibit 1 at ¶ 46.)

14. Plaintiff further alleges she is entitled to recover an amount in excess of twenty-five thousand dollars ($25,000) for Defendant's "bad faith misconduct" and alleged violations of N.C. Gen. Stat. § 75-1.1, as well as treble damages and attorney's fees. (*See* Exhibit 1 at ¶¶ 58-60; 62-66.)

15. Plaintiff's Complaint further seeks punitive damages. (Exhibit 1 at ¶¶ 68, 69).

16. When determining the amount in controversy, "the district court should consider any special or punitive damages, such as treble damages" available under state unfair trade practices statutes. *R.L. Jordan Oil Co. of N.C., Inc. v. Boardman Petroleum, Inc.*, 23 F. App'x 141, 145 n.3 (4th Cir. 2001) (per curiam); see also *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983).

3

17. In *McDonald v. Automoney, Inc.*, this Court stated "[i]f the amount in controversy is unclear on the face of the initial pleading, including where 'the State practice either does not permit demand for a specific sum **or permits recovery of damages in excess of the amount demanded[,]**' the defendant may assert the amount in controversy in the Notice of Removal." 2021 U.S. Dist. LEXIS 228681, at *4-5 (*citing* 28 U.S.C. § 1446(c)(2))(emphasis added).

18. Likewise, in *Canon v. Automoney, Inc.*, this Court stated,

> If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
>
> > (i) nonmonetary relief; or
> >
> > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

2020 U.S. Dist. LEXIS 103433, at *7-8 (*citing* 28 U.S.C. § 1446(c)(2) and *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 190 L. Ed. 2d 495 (2014).

19. Here, North Carolina state practice permits recovery of damages in excess of the amount demanded on the face of Plaintiff's Complaint.

20. Further, Plaintiff's Complaint and the exhibits to Plaintiff's Complaint establish, by a preponderance of the evidence, that her claimed damages exceed $75,000.00.

21. Accordingly, the amount in controversy requirement under 28 U.S.C. § 1332 is satisfied.

## CONCLUSION

4

22.     As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C §§ 1332 and 1441.

23.     Pursuant to 28 U.S.C. § 1441(a), this Court is the proper venue for removal because it is the district embracing the place where the originally filed State Action is pending.

24.     Pursuant to 28 U.S.C. § 1446(a), the Civil Summons is attached as **Exhibit 2** and the Complaint is attached as **Exhibit 1**.

25.     All documents associated with Case No. 26CV000785-440 of which Defendant is aware are attached hereto.

26.     Defendant reserves all defenses based on personal jurisdiction, sufficiency of service of process, sufficiency of process, and any other defenses available under Rule 12(b) of the Federal Rules of Civil Procedure.

27.     Pursuant to 28 U.S.C. § 1446(d), notice of this removal will be promptly filed with the clerk of the Superior Court for Henderson County, and served on the other parties to this action forthwith.  A copy of that Notice is attached hereto as **Exhibit 3**.

Respectfully submitted, this the 8th day of May, 2026.

/s/ *Rachel E. Keen*
Rachel E. Keen, (N.C. State Bar No. 27777)
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: rachel.keen@wbd-us.com

*Attorney for Defendant*

5

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that she is the attorney at law licensed to practice in the State of North Carolina, is the attorney for Defendant in this matter, and is person of such age and discretion as to be competent to serve process.

That on May 8, 2026, she served a copy of the foregoing **NOTICE OF REMOVAL** via email to the following:
.

Jake A. Snider (N.C. Bar No. 46416)
Nicholas Kiss (N.C. Bar No. 64019)
349 Haywood Rd.
Asheville, North Carolina 28806
Telephone: (828) 350-9799
Email: jsnider@ashevillelegal.com
Email: nkiss@ashevillelegal.com

*Attorneys for Plaintiff*

/s/ *Rachel E. Keen*
Rachel E. Keen, (N.C. State Bar No. 27777)
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Facsimile: (336) 721-3660
Email: rachel.keen@wbd-us.com

*Attorney for Defendant*

6